# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STORAGE MASTER LLC,**

        **Plaintiff,**

    **v.**                                               Case No. 09-C-1092

**M&G BUILDERS LLC,**

        **Defendant.**

## ORDER ON MOTION TO WITHDRAW

Currently pending before this court is a motion to withdraw filed by defendant's attorney. (Docket No. 40.) Counsel was hired to represent the defendant by the defendant's insurer. (Docket No. 40 at 1.) The insurer then moved to intervene in this case, which this court granted. (Docket No. 21.) The insurer filed a motion for summary judgment contending that under the policy it issued to the defendant it had no duty to defend the defendant against the plaintiff's claim. (Docket No. 27.) The court granted the insurer's motion, (Docket No. 32), judgment was entered with respect to the intervenor's complaint, (Docket No. 37), and the proceedings were stayed to permit the defendant the opportunity to appeal the court's decision, (Docket No. 36). The defendant did not file a notice of appeal.

On October 5, 2010, the court entered a scheduling order. (Docket No. 39.) On October 14, 2010, counsel filed the present motion to withdraw. Counsel states that the defendant has not retained his law firm and continued representation would result in an unreasonable financial burden upon the firm.

The court finds good cause exists to grant counsel's motion to withdraw. However, defendant is a limited liability company and therefore cannot proceed pro se. It can only proceed

being represented by an attorney. United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008). Therefore, counsel's motion to withdraw is hereby **granted** but **stayed** for **28 days** to permit the defendant sufficient time to retain counsel. The stay shall be lifted upon successor counsel filing a notice of appearance on behalf of the defendant, but no later than the expiration of the 28 day period. **If an attorney does not file a notice of appearance on behalf of the defendant within 28 days, the court shall have no other option but to enter a default judgment against the defendant.** See United States v. Hagerman, 549 F.3d 536, 538 (7th Cir. 2008).

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 15th day of October, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge